## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JIMMY TORRES** | **Civil Action No.** |
| Plaintiff, | |
| **vs.** | **5:12-cv-01108-LS** |
| **THRIFTY RENT-A-CAR SYSTEM, INC., ET AL,** | |
| Defendants. | |

### AFFIDAVIT OF SERVICE

I, Ronald M. Metcho, Esquire, do hereby state that I am an attorney for Thrifty Rent-A-Car, Inc. and Ride Share Systems, LLC in the above-captioned matter and that, on October 25, 2012 I did serve a copy of the attached Cross Claim against Third Party Defendant, National Bureau Collection Corporation by mailing same, first class mail, postage prepaid, on the person set forth below, at the listed address:

> Perri E. Frosch, Esquire
> 63 Black Alder Lane
> Wilton, CT 06896
> Attorney for Third Party Defendant
> National Bureau Collection Corporation

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN, P.C.**

By:  /s/ Ronald M. Metcho / rmm5150
RONALD M. METCHO, ESQUIRE
2000 Market Street, Suite 2300
Philadelphia, PA 19103
(215) 575-2765 / (215) 575-0856 (f)
rmmetcho@mdwcg.com
Attorneys for Defendants,
Thrifty Rent-A-Car, Inc. and
Ride Share Systems, LLC

Dated: December 6, 2012

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent ☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery

1. Article Addressed to:

Perri E. Frosch, Esq.
63 Black Alder Lane
Wilton, CT 06897

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail ☐ Express Mail
☐ Registered ☑ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
(Transfer from service label)    7007 2680 0000 4874 3484

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540



SOUTHERN
STATES POSTAL SERVICE

30 OCT 2012
PM 11

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

Sender: Please print your name, address, and ZIP+4 in this box •

**RONALD M. METCHO, ESQ.**
MARSHALL, DENNEHEY, WARNER
COLEMAN & GOGGIN
2000 MARKET STREET, SUITE 2300
PHILADELPHIA, PA 19103

RECEIVED
NOV 02 2012

J. Torres  19039.298

Summons

AO 441 (Rev. 07/10) Summons on Third-Party Complaint

# UNITED STATES DISTRICT COURT

### for the

### Eastern District of Pennsylvania

| | | |
|---|---|---|
| JIMMY TORRES | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 5:12-cv-01108-LS |
| THRIFTY RENT-A-CAR SYSTEM, INC., ET AL. | ) | |
| *Defendant, Third-party plaintiff* | ) | |
| v. | ) | |
| NATIONAL BUREAU COLLECTION CORP. | ) | |
| *Third-party defendant* | ) | |

## SUMMONS ON A THIRD-PARTY COMPLAINT

To: *(Third-party defendant's name and address)*   National Bureau Collection Corporation
c/o Perri E. Frosch, Esq.
63 Black Alder Lane
Wilton, CT 06897

A lawsuit has been filed against defendant   Natl. Bureau Coll. Corp.   , who as third-party plaintiff is making this claim against you to pay part or all of what the defendant may owe to the plaintiff  Jimmy Torres                          .

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff and on the defendant an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the defendant or defendant's attorney, whose name and address are:
Ronald M. Metcho, Esq.
2000 Market Street, Suite 2300
Philadelphia, PA 19103

It must also be served on the plaintiff or plaintiff's attorney, whose name and address are:
Gregory G. Gorski, Esquire
100 South Broad St., 19th Floor
Philadelphia, PA 19110

If you fail to respond, judgment by default will be entered against you for the relief demanded in the third-party complaint. You also must file the answer or motion with the court and serve it on any other parties.

A copy of the plaintiff's complaint is also attached. You may – but are not required to – respond to it.

Date:      10/25/2012

*CLERK OF COURT*

_____
*Signature of Clerk or Deputy Clerk*

AO 441 (Rev. 07/10)  Summons on Third-Party Complaint (Page 2)

Civil Action No.  5:12-cv-01108-LS

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*   National Bureau Collection Corporation

was received by me on *(date)* _____.

☐   I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐   I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☑   I served the summons on *(name of individual)*   Perri E. Frosch, Esq. _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

National Bureau Collection Corp. _____ on *(date)*   10/25/2012 ___ ; or

☐   I returned the summons unexecuted because _____ ; or

☐   Other *(specify):* _____
_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00 .

I declare under penalty of perjury that this information is true.

Date:    10/25/2012 _____

_____
*Server's signature*

RONALD M. METCHO, ESQUIRE
*Printed name and title*

2000 Market Street, Suite 2300
Philadelphia, PA 19103

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

| | |
|---|---|
| JIMMY TORRES | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  5:12-cv-01108-LS |
| THRIFTY RENT-A-CAR SYSTEM, INC., ET AL. | ) |
| *Defendant* | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To:  Perri E. Frosch, Esq.
    *(Name of the plaintiff's attorney or unrepresented plaintiff)*

        I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

        I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

        I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

        I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____10/25/2012_____, the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:  _____10/25/2012_____

                                                                  *Signature of the attorney or unrepresented party*

  National Bureau Collection Corporation
*Printed name of party waiving service of summons*                                            *Printed name*

                                                            *Address*

                                                        *E-mail address*

                                                  *Telephone number*

### Duty to Avoid Unnecessary Expenses of Serving a Summons

        Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

        "Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

        If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

        If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JIMMY TORRES**<br><br>Plaintiff,<br><br>**vs.**<br><br>**THRIFTY RENT-A-CAR SYSTEM, INC., RIDE SHARE SYSTEMS, LLC, TRAF GROUP, INC., d/b/a A-1 COLLECTION SERVICE,** and **NATIONAL BUREAU COLLECTION CORPORATION, d/b/a COLLECTYOURBILLS.COM,**<br><br>Defendants. | **Civil Action No.**<br><br>**5:12-cv-01108-LS** |

## ANSWER OF DEFENDANTS THRIFTY RENT-A-CAR SYSTEM, INC. AND RIDE SHARE SYSTEMS, LCC, TO PLAINTIFF'S AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES

AND NOW, comes Defendants, Thrifty Rent-A-Car, Inc. and Ride Share Systems, LLC, (collectively "Thrifty"), by and through its undersigned counsel, Marshall, Dennehey, Warner Coleman, & Goggin, P.C. and hereby answers Plaintiff, Jimmy Torres's Amended Complaint and in support thereof, avers as follows:

## ANSWER TO PRELIMINARY STATEMENT

1. Admitted in part and denied in part. Thrifty admits that Plaintiff brings the present action alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. §2270.1, *et seq.* ("FCEUA"), the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. §201-1, *et seq.* "CPL") and claims under color of state law, but denies any liability or wrongful

conduct to the extent alleged in this paragraph.  To the extent the allegations in this paragraph refer to entities other than answering defendant, same are denied.  A factual basis for the allegations in this paragraph is demanded of Plaintiff.

## ANSWER TO JURISDICTION AND VENUE

2.  Denied.  The allegations in this paragraph constitute conclusions of law and are denied as such.  Thrifty refers all questions of law to the Court.

3.  Denied.  The allegations in this paragraph constitute conclusions of law and are denied as such.  Thrifty refers all questions of law to the Court.

## ANSWER TO THE PARTIES

4.  Admitted in part and denied in part.   Thrifty admits, upon information and belief, that Plaintiff is an adult individual residing in Allentown, Pennsylvania.   Thrifty denies the remaining allegations in this paragraph because Thrifty lacks sufficient information or belief as to the truth or falsity of the remaining allegations.

5.  Admitted.  Thrifty admits the allegations in this paragraph.

6.  Denied.  The allegations in this paragraph refer to parties other than Thrifty, and therefore, same are denied.

7.  Denied.  The allegations in this paragraph refer to parties other than Thrifty, and therefore, same are denied.

8.  Denied.  The allegations in this paragraph refer to parties other than Thrifty, and therefore, same are denied.

## ANSWER TO FACTUAL ALLEGATIONS

9. Admitted in part and denied in part.  Thrifty admits that Plaintiff owed a debt as a result of damages repairs to a rental vehicle in December of 2008 that he failed to pay.  Unless otherwise admitted, Thrifty denies the allegations in this paragraph.

10. Denied. Thrifty lacks sufficient information, knowledge or belief as to the truth or falsity of the allegations in this paragraph and, therefore, denies these allegations and leaves Plaintiff to his burden of proof.

11. Admitted in part and denied in part.  Thrifty admits that Plaintiff purchased a collision deductible waiver ("CDW") but breached the terms of the CDW as set out on the face of his agreement.  Thrifty denies the remaining allegations and leaves Plaintiff to his proofs.

12. Denied.  Thrifty denies that Plaintiff "reasonably relied" on any representations as to the CDW as he breached the CDW notwithstanding representations evident on the fact of his agreement.

13. Admitted in part and denied in part.  Thrifty admits that Plaintiff damaged a rental vehicle and failed to secure a police report or immediately notify Thrifty as to the demand, breaching the express terms of the CDW, and, as a result, was assessed an appropriate charge for the damages.  Unless otherwise admitted, Thrifty denies the allegations in this paragraph.

14. Denied. Thrifty lacks sufficient information, knowledge or belief as to the truth or falsity of the allegations in this paragraph and, therefore, denies these allegations.

15. Denied. Thrifty lacks sufficient information, knowledge or belief as to the truth or falsity of the allegations in this paragraph and, therefore, denies these allegations.

16. Admitted in part and denies in part. Thrifty admits that Plaintiff made payments toward his valid and delinquent debt. Thrifty lacks sufficient information, knowledge or belief as to the truth or falsity of the remaining allegations in this paragraph and, therefore, denies these allegations.

17. Denied. Thrifty lacks sufficient information, knowledge or belief as to the truth or falsity of the allegations in this paragraph and, therefore, denies these allegations.

18. Admitted in part and denied in part. Thrifty admits that Plaintiff made payments for his damages. Thrifty denies the remaining allegations in this paragraph and leaves Plaintiff to his proofs.

19. Admitted in part and denied in part. Thrifty admits that it retained co-defendant Traf to recover on the subject debt as Thrifty had no record of any payments made by Plaintiff to co-defendant NBC regarding his debt prior to placement with Traf. Unless otherwise admitted, Thrifty denies the allegations in this paragraph.

20. Denied. Thrifty lacks sufficient information, knowledge or belief as to the truth or falsity of the allegations in this paragraph and, therefore, denies these allegations.

21.     Denied.  Thrifty lacks sufficient information, knowledge or belief as to the truth or falsity of the allegations in this paragraph and, therefore, denies these allegations.

22.     Denied.  Thrifty lacks sufficient information, knowledge or belief as to the truth or falsity of the allegations in this paragraph and, therefore, denies these allegations.

23.     Denied.  Thrifty lacks sufficient information, knowledge or belief as to the truth or falsity of the allegations in this paragraph and, therefore, denies these allegations.

24.     Denied.  Thrifty lacks sufficient information, knowledge or belief as to the truth or falsity of the allegations in this paragraph and, therefore, denies these allegations.

25.     Denied.  Thrifty lacks sufficient information, knowledge or belief as to the truth or falsity of the allegations in this paragraph and, therefore, denies these allegations.

26.     Denied.  Thrifty denies acting in a false, deceptive, misleading or unfair manner or that Thrifty furnished any false credit information concerning the Plaintiff.  To the extent the allegations in this paragraph refer to entities other than answering defendant, same are denied.  A factual basis for the allegations in this paragraph is demanded of Plaintiff.

27.     Denied.  Thrifty denies acting in a false, deceptive, misleading or unfair manner or that Thrifty engaged in any conduct the natural consequence of which was intended to harass, oppress  or abuse Plaintiff.  To the extent the

allegations in this paragraph refer to entities other than answering defendant, same are denied.  A factual basis for the allegations in this paragraph is demanded of Plaintiff.

28.   Denied.  Thrifty denies acting in a false, deceptive, misleading or unfair manner or that Thrifty misrepresented the characters, amount or legal status of Plaintiff's debt.  To the extent the allegations in this paragraph refer to entities other than answering defendant, same are denied.  A factual basis for the allegations in this paragraph is demanded of Plaintiff.

29.   Denied.  Thrifty denies acting in a false, deceptive, misleading or unfair manner or that Thrifty threatened to take any action against Plaintiff that Thrifty did not intend to take.   To the extent the allegations in this paragraph refer to entities other than answering defendant, same are denied. A factual basis for the allegations in this paragraph is demanded of Plaintiff.

30.   Denied.  Thrifty denies acting in a false, deceptive, misleading or unfair manner or that Thrifty engaged in any unfair or unconscionable means or conduct with respect to Plaintiff.   To the extent the allegations in this paragraph refer to entities other than answering defendant, same are denied. A factual basis for the allegations in this paragraph is demanded of Plaintiff.

31.   Denied.  Thrifty denies acting in a false, deceptive, misleading or unfair manner or that Thrifty sought to recover any amount not authorized by an agreement or not permitted by law.   To the extent the allegations in this paragraph refer to entities other than answering defendant, same are denied. A factual basis for the allegations in this paragraph is demanded of Plaintiff.

6

32.     Denied.   Thrifty denies that Plaintiff can assert an FDCPA claim against it as a clear matter of fact and law.   Thrifty further denies that Plaintiff has advanced any claims against Thrifty that could constitute a violation of the FCEUA or which could give rise to a claim against Thrifty under the CPL, independent of the FCEUA.   To the extent the allegations in this paragraph refer to entities other than answering defendant, same are denied.   A factual basis for the allegations in this paragraph is demanded of Plaintiff.

33.     Admitted in part and denied in part.   Thrifty admits that its employees, when they are acting within the scope of their employment, are under the control and supervision of Thrifty.   Unless otherwise admitted, Thrifty denies the allegations in this paragraph.

34.     Denied.   Thrifty denies engaging in any unlawful conduct and denies that its conduct could be construed as malicious, intentional, willful, reckless, negligent, or in wanton disregard for federal or state law or the rights of the Plaintiff. To the extent the allegations in this paragraph refer to entities other than answering defendant, same are denied.   A factual basis for the allegations in this paragraph is demanded of Plaintiff.

35.     Denied.  Thrifty denies that it violated the FDCPA, the FCEUA or the CPL or any other law or statute and denies that it is a proximate or direct cause of any harm to Plaintiff, including harm in the form of injury to Plaintiff's reputation, invasion of privacy, injury to his credit, out-of-pocket expenses, emotional or mental pain and anguish, embarrassment, humiliation or pecuniary loss, now or in the future.   To the extent the allegations in this

paragraph refer to entities other than answering defendant, same are denied. A factual basis for the allegations in this paragraph is demanded of Plaintiff.

## ANSWER TO COUNT I – TRAF AND NBC
## VIOLATIONS OF THE FDCPA

36.   No response is required to this paragraph as Plaintiff is merely incorporating prior paragraphs by reference.   To the extent a response is deemed necessary, Thrifty incorporates its responses to paragraphs 1 through 35, as though they were fully set forth herein at length.

37.   Denied.   The allegations in this paragraph refer to parties other than Thrifty, and therefore, same are denied.

38.   Denied.   The allegations in this paragraph refer to parties other than Thrifty, and therefore, same are denied.

39.   Denied.   The allegations in this paragraph refer to parties other than Thrifty, and therefore, same are denied.

40.   Denied.  The allegations in this paragraph and its subparts refer to parties other than Thrifty, and therefore, same are denied.

41.   Denied.   The allegations in this paragraph refer to parties other than Thrifty, and therefore, same are denied.

42.    Denied.   The allegations in this paragraph refer to parties other than Thrifty, and therefore, same are denied.

## ANSWER TO COUNT II – ALL DEFENDANTS
## VIOLATIONS OF THE FCEUA

43.    No response is required to this paragraph as Plaintiff is merely incorporating prior paragraphs by reference.  To the extent that a response is deemed necessary, Thrifty incorporates its responses to paragraphs 1 through 42, as though fully set forth herein at length.

44.    Denied.  The allegations in this paragraph constitute conclusions of law and are denied as such.  Thrifty refers all questions of law to the Court.

45.    Denied.  The allegations in this paragraph constitute conclusions of law and are denied as such.  Thrifty refers all questions of law to the Court.

46.    Denied.  Thrifty denies that it engaged in any unfair method of competition or engaged in any deceptive acts or practices with respect to Plaintiff and denies violating the FCEUA. By way of further answer, the allegations in this paragraph and its subparts constitute conclusions of law and are denied as such.  Thrifty refers all questions of law to the Court.

47.    Denied.  Thrifty denies engaging in any acts that could be deemed violative of the law or done with malicious, intentional, reckless, wanton or negligent disregard for the Plaintiff's rights under the law in connection with Plaintiff's debt obligation. To the extent the allegations in this paragraph refer to entities other than answering defendant, same are denied.  A factual basis for the allegations in this paragraph is demanded of Plaintiff.

48.    Denied.   Thrifty denies violating the FCEUA giving rise to its exclusive remedy under the CPL and denies that Plaintiff has incurred any ascertainable loss of money or property in detrimental reliance on any specific

9

conduct by Thrifty. Therefore, Thrifty denies that Plaintiff is entitled to any recovery under the CPL for purported violations of the FCEUA by Thrifty. To the extent the allegations in this paragraph refer to entities other than answering defendant, same are denied. A factual basis for the allegations in this paragraph is demanded of Plaintiff.

### ANSWER TO COUNT III – THRIFTY AND RSS VIOLATIONS OF THE CPL

49.     No response is required to this paragraph as Plaintiff is merely incorporating prior paragraphs by reference. To the extent that a response is deemed necessary, Thrifty incorporates its responses to paragraphs 1 through 48 as though fully set forth herein at length.

50.     Denied. The allegations in this paragraph constitute conclusions of law and are denied as such. Thrifty refers all questions of law to the Court.

51.     Denied. The allegations in this paragraph constitute conclusions of law and are denied as such. Thrifty refers all questions of law to the Court.

52.     Admitted in part and denied in part. Thrifty admits that Plaintiff purchased a CDW, but breached the express terms of the CDW. Thrifty denies the remaining allegations as they rely on a false premise and leaves Plaintiff to his burden of proof.

53.     Denied. Thrifty denies these allegations as Plaintiff purchased a CDW but breached the express terms of the CDW, and, therefore, Thrifty denies the allegations in this paragraph as they rely on this false premise. A factual basis for the allegations in this paragraph is demanded of Plaintiff.

54.   Denied.  Thrifty denies that Plaintiff has incurred an ascertainable loss of money in detrimental reliance on the specific conduct of Thrifty.  To the contrary, to the extent Plaintiff incurred a loss, such loss was incurred as a result of Plaintiff's absolute lack of reliance on the conduct of Thrifty.  A factual basis for the allegations in this paragraph is demanded of Plaintiff.

55.   Denied.  Thrifty denies that it violated the CPL and denies liability to Plaintiff under the CPL.  A factual basis for the allegations in this paragraph is demanded of Plaintiff.

## ANSWER TO COUNT IV – THRIFTY AND RSS
## CONVERSION

56.   No response is required to this paragraph as Plaintiff is merely incorporating prior paragraphs by reference.  To the extent that a response is deemed necessary, Thrifty incorporates its responses to paragraphs 1 through 55 as though fully set forth herein at length.

57.   Denied.  Thrifty denies it wrongfully possessed money from Plaintiff and denies the remaining allegations in this paragraph. A factual basis for the allegations in this paragraph is demanded of Plaintiff.

58.   Denied.  Thrifty denies that Plaintiff sustained any loss or damages as a result of the conduct of Thrifty.  A factual basis for the allegations in this paragraph is demanded of Plaintiff.

## ANSWER TO JURY DEMAND

59.    Admitted in part and denied in part. Thrifty admits that Plaintiff requests a trial by jury. Thrifty denies that Plaintiff has a right to a jury trial as to Thrifty, absent any viable claims.

## ANSWER TO PRAYER FOR RELIEF

Thrifty admits that Plaintiff is seeking actual damages, statutory damages, punitive damages, and attorneys' fees and costs in the Wherefore Clause. To the extent that the "Wherefore" clause contains conclusions of law, no response is required. To the extent that Plaintiff is suggesting that Thrifty violated any law or is liable to Plaintiff, Thrifty denies same.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to plead a claim against Thrifty upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff received express instructions that the CDW does not apply if "...1) YOU FAIL TO NOTIFY US AND THE POLICE IMMDIATELY AFTER THE LOSS AND A POLICE REPORT MUST BE FILED AT THE SCENE... Any violation of the listed items above voids the CDW and leaves you absolutely 100% liable for any and all damages one to the motor vehicle regardless of fault". *See* the Rental Agreement. Plaintiff did not notify Thrifty or the police immediately (or at all) after the loss and did not have a police report filed at the scene. Therefore, the CDW did not cover the damages incurred by Plaintiff as a

result of Plaintiff's disregard of the express terms of the Rental Agreement. Therefore, Plaintiff has failed to state a viable claim under the FCEUA, the CPL or for Conversion and Counts II, III and IV should be dismissed or withdrawn.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff did not incur actual damages as a result of the alleged conduct of Thrifty.

### FOURTH AFFIRMATIVE DEFENSE

Any violation of the FCEUA by Thrifty, which Thrifty, denies, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### FIFTH AFFIRMATIVE DEFENSE

Any violation of the law or damage suffered by Plaintiff, which Thrifty denies, was due to the affirmative actions and/or omissions of Plaintiff or others and does not give rise to any liability of Thrifty.

### SIXTH AFFIRMATIVE DEFENSE

Any violation of the law or damage suffered by Plaintiff, which Thrifty denies, was due to the affirmative actions and/or omission of Plaintiff or others and does not give rise to any claim of damages against Thrifty.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Thrifty are barred by the applicable statute of limitations.

13

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has not incurred any ascertainable loss of money or property, real or personal, in detrimental reliance on purported deceptive conduct of Thrifty. Therefore, Plaintiff lacks standing to assert a CPL claim, either in the context of the FCEUA, or as an independent CPL claim.

**WHEREFORE**, Defendants, Thrifty Rent-A-Car, Inc. and Ride Share Systems, LLC, respectfully request this Honorable Court enter judgment in their favor dismissing Plaintiff's Amended Complaint and any and all other relief as the Court deems is just and equitable.

## CROSS CLAIM FOR INDEMNIFICATION
## THRIFTY v. NBC

60.     Thrifty retained the services of NBC to recover on Plaintiff's valid debt obligation.

61.     NBC and Thrifty entered into an agreement whereby NBC would collect on debt obligations owed to Thrifty.

62.     At all times germane to the allegations in the Amended Complaint, NBC was subject to its agreement with Thrifty with respect to its collection efforts concerning Plaintiff's debt.

63.     Without the knowledge of Thrifty, NBC settled or received payments regarding Plaintiff's outstanding debt.

64.     With gross negligence and with willful misconduct, NBC failed to inform Thrifty of NBC's receipt of any payments from Plaintiff.

14

65. Despite specific inquiry by Thrifty, NBC failed to disclose the receipt of payments from Plaintiff toward his debt and failed to advance the proceeds for such payments.

66. As a result of NBC's gross negligence and willful misconduct in failing to report payments received by NBC from Plaintiff, to Thrifty, Thrifty had no know with Traf.

67. To the extent that Traf is deemed liable as to Plaintiff, limited to the conduct of Thrifty, in placing Plaintiff's debt with Traf, NBC should be compelled to indemnify Thrifty and Traf through Thrifty.

**WHEREFORE**, Defendants, Thrifty Rent-A-Car, Inc. and Ride Share Systems, LLC, demand judgment in their favor and against Defendant National Bureau Collection Corporation for all costs, expenses, attorney's fees incurred by Thrifty, whether through indemnification of Traf or directly incurred by Thrifty in its defense, as well as being liable over to Plaintiff for Plaintiff's caused of action against Thrifty.

Respectfully submitted,

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN, P.C.**

By: */s/ Andrew M. Schwartz /* ams121
ANDREW M. SCHWARTZ
1845 Walnut Street, 17th Floor
Philadelphia, PA 19103
(215) 575-2765 / (215) 575-0856 (f)
amschwartz@mdwcg.com
Defendants, Thrifty Rent-A-Car, Inc. and
Ride Share Systems, LLC

Dated: <u>July 9, 2012</u>

15